UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
HASELAND MATHIS,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
RYAN MONAHAN (Shield No. 17978), 75th
Precinct, POLICE OFFICER "JOHN DOES
1-5", and "JOHN DOES" who are employees
of the City of New York and make decisions
regarding the transfer of arrestees from the
75th Precinct to Central Booking,

                              Defendants.
------------------------------------------------------X

Docket No.:

**COMPLAINT**

**CV 12          4713**

**DEMAND FOR JURY TRIAL**
**BRODIE, J.**

**GO, M.J.**

FILED
CLERK

2012 SEP 20  PM 4:20

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

        Plaintiff HASELAND MATHIS, by her attorney, Kathy A. Polias, Attorney-at-Law,

complaining of Defendants CITY OF NEW YORK, POLICE OFFICER RYAN MONAHAN

(Shield No. 17978), 75th Precinct, POLICE OFFICER "JOHN DOES 1-5", and "JOHN DOES"

who are employees of the City of New York and make decisions regarding the transfer of

arrestees from the 75th Precinct to Central Booking, alleges as follows:

                         **NATURE OF ACTION**

        1.      This action is brought by Plaintiff Haseland Mathis to remedy:  Defendants' arrest

and imprisonment of Plaintiff, while acting under color of State law, without probable cause, in

violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S.

Constitution and 42 U.S.C. Sec. 1983; Defendants' conspiracy, while acting under color of State

Law, to violate Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S.

Constitution and 42 U.S.C. Sec. 1983; Defendants' false arrest and imprisonment of Plaintiff,

and conspiracy to do same, in violation of common law; Defendants' malicious prosecution of Plaintiff, while acting under color of State law, without probable cause, in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983; Defendants' conspiracy to maliciously prosecute Plaintiff, while acting under color of State Law, in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983; Defendants' malicious prosecution of Plaintiff and conspiracy to do same, in violation of common law; Defendants' denial to Plaintiff, while acting under color of State Law, of equal protection of the law, in violation of Plaintiff's rights under the Fourteenth Amendment and 42 U.S.C. Sec. 1983; Defendants' conspiracy to deny Plaintiff, while acting under color of State Law, of equal protection of the law, in violation of Plaintiff's rights under the Fourteenth Amendment and 42 U.S.C. Sec. 1983; and Defendants' intentional infliction of emotional distress on Plaintiff and conspiracy to do same, in violation of common law.

## JURISDICTION AND VENUE

2.      Jurisdiction is specifically conferred upon this Court by 42 U.S.C Sec. 1983.  This Court has pendent and supplemental jurisdiction over the state law/common law claims as the facts that form the basis of the state law/common law claims are identical to the facts that form the basis of the federal claims.

3.      Venue is proper because the events complained of herein occurred in Brooklyn, NY, which is within the Eastern District of New York.

## PARTIES

4.      At all times relevant and material to this action, Plaintiff Haseland Mathis was a resident of the State of New York, within the jurisdiction of this Court.

2

5.    At all times relevant and material to this action, Defendant The City of New York was a municipal incorporation incorporated under the laws of the State of New York.

6.    At all times relevant and material to this action, Defendant Police Officer Ryan Monahan was employed as a Police Officer by Defendant City of New York and assigned to the 75th Precinct at 1000 Sutter Avenue, Brooklyn, NY 11208.

7.    At all times relevant and material to this action, Defendants Police Officer "John Does 1-5" were employed as Police Officers by Defendant City of New York, and upon information and belief, were assigned to the 75th Precinct at 1000 Sutter Avenue, Brooklyn, NY 11208.

8.    At all times relevant and material to this action, Defendant "John Does" were employed by the City of New York and made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking.

9.    At all times relevant and material to this action, the individual Defendants were acting as agents of Defendant City of New York under the principal-agent/*respondeat superior* theory.

10.    At all times relevant and material to this action, the individual Defendants were acting pursuant to Defendant City of New York's policy, practice, and custom.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

11.    Plaintiff filed a Notice of Claim against Defendant City of New York with the New York City Comptroller's Office for the common law claims asserted in this action. Plaintiff did so within 90 days of the accrual of those causes of action.

## FACTUAL ALLEGATIONS

12.    Plaintiff Haseland Mathis resided with her two minor children in the basement

apartment of 612 Lincoln Avenue, Brooklyn, NY from around 2009 to June 2011. The building was owned, and is still owned by her mother, Nalina Antoine, who resided in the second-floor apartment with her boyfriend, Johnny Mc. Quarley. Plaintiff Haseland Mathis was a paying tenant. She paid $800.00 a month in rent. Prior to moving into the basement apartment, Plaintiff and her two minor children lived in the second-floor apartment with Nalina Antoine and Johnny Mc. Quarley.

13.     Plaintiff went away for the weekend of June 24, 2011 with her minor children. On June 26, 2011, Ms. Antoine called the father of Plaintiff's children and left him a voicemail message stating that she had evicted Plaintiff and her children from the basement apartment and placed all of their belongings outside the Plaintiff's apartment door. Ms. Antoine said that Plaintiff should return to the building and collect her things and that she (Ms. Antoine) was not responsible for them because the Police had told her to put them outside. The father of Plaintiff's children relayed the message to Plaintiff. Ms. Antoine extra-judicially evicted Plaintiff, as she did so without a Court order and without Court involvement. Plaintiff rushed back to the building with her children and found all of their belongings in the yard. Plaintiff called the Police.

14.     Plaintiff had had a longstanding contentious relationship with her mother Nalina Antoine as well as her mother's boyfriend Johnny Mc. Quarley. Nalina Antoine and Johnny Mc. Quarley had committed several crimes against Plaintiff and her minor children and had otherwise abused Plaintiff and her children, including but not limited to the following times when Plaintiff contacted the Police. On or about May 29, 2011, Plaintiff came home with her children to find that the locks on the basement apartment door had been changed. Plaintiff's mother Nalina Antoine admitted to Plaintiff that she had ordered the locks to be changed. Nalina Antoine

4

opened the basement apartment door for Plaintiff and her children but refused to give Plaintiff

the keys. Plaintiff called the Police. The Police arrived and ordered Nalina Antoine to give

Plaintiff the keys and indicated that if Nalina Antoine did not give Plaintiff the keys, she could

be arrested. Nalina Antoine did not give Plaintiff the keys and each day when Plaintiff came

home with her children, Plaintiff had to ask Ms. Antoine to let them into the apartment. If Ms.

Antoine was not at home, Plaintiff and her children would have to wait in nearby stores and fast

food places until Ms. Antoine came home to let them in. In addition, on or about June 24, 2011,

two days before the incident, Ms. Antoine grabbed Plaintiff's arm and swung a bunch of mail at

Plaintiff, hitting her with the mail. Ms. Antoine assaulted Plaintiff in the presence of Plaintiff's

minor daughter. Plaintiff went to the 75th Precinct with her children and her children's father to

make a report about the incident.

15.    Shortly after Plaintiff called the Police on June 26, 2011, two Police Officers

arrived at the building. Plaintiff explained the situation to them. However, the Police Officers

had to leave after a few minutes because they had another call. Plaintiff waited on the corner

with her children for several hours for the Police to return and called 911 several more times

during that time.

16.    Defendants Police Officer Ryan Monahan and Police Officer "John Does 1-5"

eventually arrived at the building. Plaintiff's brother Errol Mathis was also at the building. Errol

Mathis claimed to the Police that Plaintiff and her children did not live there. Plaintiff told her

brother Errol Mathis in front of the Police Officers that he was actually the one who didn't live

there. Plaintiff's mother Nalina Antoine falsely claimed that Errol Mathis owned the building

and that he lived there. Errol Mathis approached Plaintiff's 14-year-old daughter in an

aggressive, threatening way in the presence of the Police and asked her where she lived. Errol

5

Mathis was swinging his arms at Plaintiff's minor daughter and if Plaintiff's minor daughter had not stepped back, Errol Mathis would have hit her. The Police told Errol Mathis to back up from Plaintiff's minor daughter. Errol Mathis also told Plaintiff in front of the Police Officers that if the Police were not there, he would knock Plaintiff out.

17.     Defendant Police Officers ordered Plaintiff's mother Nalina Antoine to open the basement and to allow Plaintiff and her children back into their apartment. They also ordered everyone – Plaintiff, her children, Errol Mathis, and Nalina Antoine – to put Plaintiff's belongings back into the apartment. Defendant Police Officers oversaw, watched, and supervised the replacement of Plaintiff's belongings into the apartment.

18.     After all of the belongings were back in the apartment and Defendant Police Officers had already been at the premises for about an hour, one of Defendant Police Officers called Plaintiff over and told her that he was going to have to arrest Plaintiff. Plaintiff asked why and Defendant Police Officer told her that her mother Nalina Antoine had alleged that Plaintiff had hit her with a hammer. Upon information and belief, Defendant Police Officers did not do any type of investigation or further inquiry into Nalina Antoine's allegations before arresting Plaintiff and there were many circumstances that would have given a reasonable officer serious cause to doubt Nalina Antoine's veracity and trustworthiness. These circumstances included but were not limited to the following. Firstly, Nalina Antoine did not have any injuries and a reasonable officer would have known that if she had been hit by a hammer, she would be injured. Secondly, the contentious relationship between Plaintiff and Nalina Antoine was on full display in front of the Police Officers on that day. Nalina Antoine had extra-judicially evicted Plaintiff (who was her own daughter) and Plaintiff's children (who were her own grandchildren) from their home and had put all of their belongings in the yard. Thirdly, it was Plaintiff who had

6

called the Police, and not Nalina Antoine. Fourthly, Defendant Police Officers were at the premises a full hour before Plaintiff was even told that her mother had made this allegation. Defendant Police Officers did not tell Plaintiff when Plaintiff's mother Nalina Antoine claimed that Plaintiff had hit her with a hammer. If Plaintiff's mother had claimed to the Police that Plaintiff did this before the Police arrived, the fact that the mother did not call 911 with the allegation would have given a reasonable Officer cause to doubt the veracity of the claim. If the mother claimed that Plaintiff hit her with a hammer while the Police were there, the fact that the Police did not see or hear it should have raised the Police Officers' suspicions about the veracity of the mother's claims. Fifthly, as mentioned above, Plaintiff had made complaints about illegal activity by the mother to the same Precinct over the prior couple of months. Sixthly, Plaintiff had never been arrested in her life and had no criminal record or any history of violent activity. Under these circumstances, the alleged complaint made by Nalina Antoine did not in and of itself give rise to probable cause to arrest Plaintiff and charge her with crimes. In addition, Plaintiff's brother Errol Mathis actually threatened physical harm to Plaintiff and assaulted Plaintiff's minor daughter in front of Defendant Police Officers on that day and he was not arrested.

19.     Defendant Police Officers arrested Plaintiff at around 11 pm on Sunday, June 26, 2011 and took her to the 75th Precinct. Upon information and belief, Defendant Police Officer Ryan Monahan and Defendant Police Officers "John Does 1-5" maliciously charged Plaintiff with Menacing in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Attempted Assault in the Third Degree, Menacing in the Third Degree, and Harassment in the Second Degree. Plaintiff was not taken to Central Booking until the morning of Tuesday, June 28, 2011, thereby spending around 36 hours at the 75th Precinct where she was not given sufficient food and drink. The male arrestees were taken to Central Booking much sooner and

7

the reason that the Precinct gave for not taking Plaintiff and the other females to Central Booking until Tuesday morning was that there were not enough female arrestees to do the transfer to Central Booking. The processing of Plaintiff and Plaintiff's appearance before a judge were thereby delayed for an unreasonable period of time. By delaying Plaintiff's processing and appearance before a judge because she was female, Defendant "John Does" who are employees of the City of New York and make decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking denied Plaintiff equal protection of the law. Plaintiff did not appear in Court until the evening of Tuesday, June 28, 2011. She was released on her own recognizance, after having been imprisoned for around 48 hours. The criminal case was terminated in Plaintiff's favor on October 3, 2011.

20.     Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", upon information and belief, acted pursuant to the following policies, practices, and procedures of Defendant City of New York:

i.      Promulgation of a policy to arrest first and ask questions later and to set, and have Police Officers, meet arrest quotas;

ii.     Failure to train Police Officers in the meaning of probable cause and in the importance of having probable cause to believe an individual has committed a crime before arresting that individual, imprisoning that individual, and charging that individual with crimes; and

iii.    Failure to train Police Officers to conduct an inquiry/investigation prior to arresting when the complaining witness' veracity is doubtful.

8

21.    Defendant "John Does" who are employees of the City of New York and make decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking acted pursuant to the following policies, practices, and procedures of the City of New York:

i.    Failure to train Police Officers in the importance of processing arrestees and bringing them before a judge as quickly as possible;

ii.    Promulgation of a policy to delay transferring female arrestees from the Precinct to Central Booking until there are a certain number of female arrestees to transfer; and

iii.    Promulgation of a policy that gives priority to the processing of male arrestees over female arrestees.

22.    As a result of Defendants' actions, Plaintiff lost her freedom and liberty for about 48 hours and suffered severe emotional, mental, and physical distress.

## AS FOR A FIRST CAUSE OF ACTION

23.    Plaintiff repeats and re-alleges paragraphs 1 through 22 as if each is set forth herein.

24.    In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting under color of State Law, arrested and imprisoned Plaintiff, without probable cause to believe that she had committed any crimes. Defendants thereby violated Plaintiff's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A SECOND CAUSE OF ACTION

9

25.     Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each is set forth herein.

26.     In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting under color of State Law, conspired with one another to arrest and imprison Plaintiff, without probable cause to believe that she had committed any crimes. Defendants thereby conspired to violate Plaintiff's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A THIRD CAUSE OF ACTION

27.     Plaintiff repeats and re-alleges paragraphs 1 through 26 as if each is set forth herein.

28.     In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting as agents of Defendant City of New York, falsely arrested and imprisoned Plaintiff without probable or reasonable cause to believe that she had committed any crimes. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A FOURTH CAUSE OF ACTION

29.     Plaintiff repeats and realigns paragraphs 1 through 28 as if each is set forth herein.

30.     In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting as agents of Defendant City of New York, conspired to falsely arrest and imprison Plaintiff without probable or reasonable cause to

10

believe that she had committed any crimes. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A FIFTH CAUSE OF ACTION

31.    Plaintiff repeats and re-alleges paragraphs 1 through 30 as if each is set forth herein.

32.    In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting under color of State Law, charged Plaintiff with crimes and maliciously prosecuted Plaintiff on those charges without probable cause to believe that she had committed any crimes. Defendants thereby violated Plaintiff's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law. The criminal case against Plaintiff was terminated in her favor. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A SIXTH CAUSE OF ACTION

33.    Plaintiff repeats and realigns paragraphs 1 through 32 as if each is set forth herein.

34.    In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting under color of State Law, conspired with one another to charge Plaintiff with crimes and maliciously prosecute Plaintiff on those charges without probable cause to believe that she had committed any crimes. Defendants thereby conspired to violate Plaintiff's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law. The criminal case against Plaintiff was terminated in her favor. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A SEVENTH CAUSE OF ACTION

35.     Plaintiff repeats and realigns paragraphs 1 through 34 as if each is set forth herein.

36.     In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting as agents of Defendant City of New York, charged Plaintiff with crimes and maliciously prosecuted Plaintiff on those charges, without probable cause to believe that she had committed any crimes.  The criminal case against Plaintiff was terminated in her favor.  Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR AN EIGHTH CAUSE OF ACTION

37.     Plaintiff repeats and realigns paragraphs 1 through 36 as if each is set forth herein.

38.     In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting as agents of Defendant City of New York, conspired to charge Plaintiff with crimes and to maliciously prosecute Plaintiff on those charges, without probable cause to believe that she had committed any crimes.  The criminal case against Plaintiff was terminated in her favor.  Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A NINTH CAUSE OF ACTION

39.     Plaintiff repeats and realigns paragraphs 1 through 38 as if each is set forth herein.

40.     In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5" denied Plaintiff her right under the Fourteenth Amendment to equal protection of the law by arresting and imprisoning her, while failing to arrest and imprison Errol Mathis who threatened physical harm to Plaintiff and assaulted

12

Plaintiff's minor daughter in front of Defendant Police Officers. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TENTH CAUSE OF ACTION

41.     Plaintiff repeats and realigns paragraphs 1 through 40 as if each is set forth herein.

42.     In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5" conspired to deny Plaintiff her right under the Fourteenth Amendment to equal protection of the law by conspiring to arrest and imprison her, while refraining from arresting and imprisoning Errol Mathis who threatened physical harm to Plaintiff and assaulted Plaintiff's minor daughter in front of Defendant Police Officers. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR AN ELEVENTH CAUSE OF ACTION

43.     Plaintiff repeats and realigns paragraphs 1 through 42 as if each is set forth herein.

44.     In violation of 42 U.S.C. Sec. 1983, Defendant "John Does" who are employees of the City of New York and make decisions regarding the transferring of arrestees from the 75th Precinct to Central Booking denied Plaintiff her right under the Fourteenth Amendment to equal protection of the law by delaying the processing of her and her appearance before a judge on the basis of her female sex. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TWELFTH CAUSE OF ACTION

45.     Plaintiff repeats and realigns paragraphs 1 through 44 as if each is set forth herein.

46.     In violation of 42 U.S.C. Sec. 1983, Defendant "John Does" who are employees of the City of New York and make decisions regarding the transferring of arrestees from the 75th Precinct to Central Booking conspired to deny Plaintiff her right under the Fourteenth

Amendment to equal protection of the law by conspiring to delay the processing of her and her appearance before a judge on the basis of her female sex. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A THIRTEENTH CAUSE OF ACTION

47.     Plaintiff repeats and re-alleges paragraphs 1 through 46 as if each is set forth herein.

48.     In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting as agents of the City of New York, intentionally inflicted emotional distress on Plaintiff by engaging in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her without probable or reasonable cause to believe that she had committed a crime. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A FOURTEENTH CAUSE OF ACTION

49.     Plaintiff repeats and re-alleges paragraphs 1 through 48 as if each is set forth herein.

50.     In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting as agents of the City of New York, conspired to intentionally inflict emotional distress on Plaintiff by conspiring to engage in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her without probable or reasonable cause to believe that she had committed a crime. Defendants' actions were wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A FIFTEENTH CAUSE OF ACTION

51.     Plaintiff repeats and re-alleges paragraphs 1 through 50 as if each is set forth

14

herein.

52.    In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting as agents of the City of New York, intentionally inflicted emotional distress on Plaintiff by engaging in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her while refraining from arresting, imprisoning, and prosecuting her brother Errol Mathis who threatened physical harm against her and assaulted her minor daughter in front of Defendant Police Officers.

## AND AS FOR A SIXTEENTH CAUSE OF ACTION

53.    Plaintiff repeats and re-alleges paragraphs 1 through 52 as if each is set forth herein.

54.    In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Police Officer "John Does 1-5", while acting as agents of the City of New York, conspired to intentionally inflict emotional distress on Plaintiff by conspiring to engage in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her while refraining from arresting, imprisoning, and prosecuting her brother Errol Mathis who threatened physical harm against her and assaulted her minor daughter in front of Defendant Police Officers.

## AND AS FOR A SEVENTEENTH CAUSE OF ACTION

55.    Plaintiff repeats and re-alleges paragraphs 1 through 54 as if each is set forth herein.

56.    In violation of common law, Defendant "John Does" who are employees of the City of New York and make decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking intentionally inflicted emotional distress on Plaintiff by engaging in the

extreme and outrageous conduct of delaying the processing of Plaintiff and her appearance before a judge on the basis of her female sex.

## AND AS FOR AN EIGHTEENTH CAUSE OF ACTION

57.    Plaintiff repeats and re-alleges paragraphs 1 through 56 as if each is set forth herein.

58.    In violation of common law, Defendant "John Does" who are employees of the City of New York and make decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking conspired to intentionally inflict emotional distress on Plaintiff by conspiring to engage in the extreme and outrageous conduct of delaying the processing of Plaintiff and her appearance before a judge on the basis of her female sex.

## AND AS FOR A NINETEENTH CAUSE OF ACTION

59.    Plaintiff repeats and re-alleges paragraphs 1 through 58 as if each is set forth herein.

60.    The individual Defendants' violations of Plaintiff's constitutional/federal rights in the First, Second, Fifth, Sixth, Ninth, and Tenth Causes of Action were perpetrated pursuant to the following policies, practices, and procedures of Defendant City of New York.

    i.    Promulgation of a policy to arrest first and ask questions later and to set and have Police Officers meet arrest quotas;

    ii.    Failure to train Police Officers in the meaning of probable cause and in the importance of having probable cause to believe an individual has committed a crime before arresting that individual, imprisoning that individual, and charging that individual with crimes; and

16

iii.  Failure to train Police Officers to conduct an inquiry/investigation prior to arresting when the complaining witness' veracity is doubtful.

61.  Therefore, Defendant City of New York is jointly and severally liable with Defendant Police Officer Ryan Monahan and Defendant Police Officers "John Does 1-5" for the First, Second, Fifth, Sixth, Ninth, and Tenth Causes of Action.

## AND AS FOR A TWENTIETH CAUSE OF ACTION

62.  Plaintiff repeats and re-alleges paragraphs 1 through 61 as if each is set forth herein.

63.  The individual Defendants' violations of Plaintiff's constitutional/federal rights in the Eleventh and Twelfth Causes of Action were perpetrated pursuant to the following policies, practices, and procedures of Defendant City of New York.

i.  Failure to train Police Officers in the importance of processing arrestees and bringing them before a judge as quickly as possible;

ii.  Promulgation of a policy to delay transferring female arrestees from the Precinct to Central Booking until there are a certain number of female arrestees to transfer; and

iii.  Promulgation of a policy that gives priority to the processing of male arrestees over female arrestees.

64.  Therefore, Defendant City of New York is jointly and severally liable with Defendant "John Does" who are employees of the City of New York and make decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking for the Eleventh and Twelfth Causes of Action.

## AND AS FOR A TWENTY-FIRST CAUSE OF ACTION

17

65.     Plaintiff repeats and realigns paragraphs 1 through 64 as if each is set forth herein.

66.     The individual Defendants in the Third, Fourth, Seventh, Eighth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, and Eighteenth Causes of Action were acting as agents of Defendant City of New York pursuant to the principal-agent/*respondent superior* theory. Defendant City of New York is therefore jointly and severally liable with the individual Defendants for those causes of action.

**WHEREFORE,** Plaintiff requests judgment as follows:

Against Defendant City of New York, Defendant Police Officer Ryan Monahan, and Defendant Police Officers "John Does 1-5", jointly and severally, for each of the First, Second, Fifth, Sixth, Ninth, Tenth, and Nineteenth Causes of Action:

i.      General and compensatory damages for the loss of freedom and liberty and the emotional, mental, and physical distress that Plaintiff sustained and suffered as a result of Defendants' actions, in an amount to be determined at trial and in accordance with evidence;

ii.     Punitive damages, in an amount to be determined at trial and in accordance with evidence;

iii.    Reasonable attorneys' fees and the costs and disbursements of this action; and

iv.     Such other relief as Plaintiff may be shown entitled to.

Against Defendant City of New York, Defendant Police Officer Ryan Monahan, and Defendant Police Officers "John Does 1-5", jointly and severally, for each of the Third, Fourth, Seventh, Eighth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Twenty-First Causes of Action:

i.      General and compensatory damages for the loss of freedom and liberty and the

emotional, mental, and physical distress that Plaintiff sustained suffered as a result of Defendants' actions in an amount to be determined at trial and in accordance with evidence;

ii.     Punitive damages in an amount to be determined at trial and in accordance with evidence;

iii.    The costs and disbursements of this action; and

iv.     Such other relief as Plaintiff may be shown entitled to.

Against Defendant City of New York and Defendant "John Does" who are employees of the City of New York and make decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking, jointly and severally, for each of the Seventeenth, Eighteenth, and Twentieth Causes of Action:

i.      General and compensatory damages for the loss of freedom and liberty and the emotional, mental, and physical distress that Plaintiff suffered as a result of Defendants' actions in an amount to be determined at trial and in accordance with evidence;

ii.     Punitive damages in an amount to be determined at trial and in accordance with evidence;

iii.    Reasonable attorney's fees and the costs and disbursements of this action; and

iv.     Such other relief as Plaintiff may be shown entitled to.

19

Dated: Brooklyn, New York
September 20, 2012

By: _____

Kathy A. Polias
Attorney-at-Law
*Attorney for Plaintiff Haseland Mathis*
155 Water Street
Brooklyn, NY 11201
Tel. No.: (718) 514-2062

20