UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X       **Docket No.: 12-CV-4713 (MKB) (MDG)**

**HASELAND MATHIS,**

                          Plaintiff,       **<u>AMENDED COMPLAINT</u>**

       -against-

**THE CITY OF NEW YORK, POLICE OFFICER**       **<u>Demand for Jury Trial</u>**
**RYAN MONAHAN** (Shield No. 17978), 75th
Precinct, **SERGEANT BRIAN SAROSY**, 75th
Precinct (Shield No. 921747,  **LIEUTENANT**
**PAUL MCMAHON** (Shield No. 916194),
75th Precinct, **SERGEANT DOUGLAS AYRES**
(Shield No. 931160), 75th Precinct, **SERGEANT**
**HOWARD CLAVIN** (Shield No. 894572), 75th
Precinct, **SERGEANT KEVIN DARCEY** (Shield
No. 938531), 75th Precinct, **SERGEANT SEAN**
**DOWNS** (Shield No. 918975), 75th Precinct,
**SERGEANT PATRICK MCGRATH** (Shield No.
921557), 75th Precinct, and **SERGEANT JOVITA**
**RICHARDS** (Shield No.: 907141), 75th Precinct,

                      Defendants.
---------------------------------------------------------X

      Plaintiff HASELAND MATHIS, by her attorney, Kathy A. Polias, Attorney-at-Law,

complaining of Defendants CITY OF NEW YORK, POLICE OFFICER RYAN MONAHAN

(Shield No. 17978), 75th Precinct, SERGEANT BRIAN SAROSY, 75th Precinct (Shield No.

921747,  LIEUTENANT PAUL MCMAHON (Shield No. 916194), 75th Precinct, SERGEANT

DOUGLAS AYRES (Shield No. 931160), 75th Precinct, SERGEANT HOWARD CLAVIN

(Shield No. 894572), 75th Precinct, SERGEANT KEVIN DARCEY (Shield No. 938531), 75th

Precinct, SERGEANT SEAN DOWNS (Shield No. 918975), 75th Precinct, SERGEANT

PATRICK MCGRATH (Shield No. 921557), 75th Precinct, and SERGEANT JOVITA

RICHARDS (Shield No.:  907141), 75th Precinct, alleges as follows:

1

## NATURE OF ACTION

1.    This action is brought by Plaintiff Haseland Mathis to remedy:  Defendants' arrest and imprisonment of Plaintiff, while acting under color of State law, without probable cause, in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983; Defendants' conspiracy, while acting under color of State Law, to violate Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983; Defendants' false arrest and imprisonment of Plaintiff, and conspiracy to do same, in violation of common law; Defendants' malicious prosecution of Plaintiff, while acting under color of State law, without probable cause, in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983; Defendants' conspiracy to maliciously prosecute Plaintiff, while acting under color of State Law, in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983; Defendants' malicious prosecution of Plaintiff and conspiracy to do same, in violation of common law; Defendants' retaliation, while acting under color of state law, against Plaintiff for exercising her First Amendment rights; Defendants' denial to Plaintiff, while acting under color of State Law, of equal protection of the law, in violation of Plaintiff's rights under the Fourteenth Amendment and 42 U.S.C. Sec. 1983; Defendants' conspiracy to deny Plaintiff, while acting under color of State Law, of equal protection of the law, in violation of Plaintiff's rights under the Fourteenth Amendment and 42 U.S.C. Sec. 1983; Defendants' unreasonable prolonging of Plaintiff's imprisonment, while acting under color of State Law, in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. Sec. 1983; Defendants' conspiracy, while acting under color of State Law, to unreasonably prolong Plaintiff's imprisonment, in

2

violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. Sec. 1983; and Defendants' intentional infliction of emotional distress on Plaintiff and conspiracy to do same, in violation of common law.

## JURISDICTION AND VENUE

3.      Jurisdiction is specifically conferred upon this Court by 42 U.S.C Sec. 1983. This Court has pendent and supplemental jurisdiction over the state law/common law claims as the facts that form the basis of the state law/common law claims are identical to the facts that form the basis of the federal claims.

4.      Venue is proper because the events complained of herein occurred in Brooklyn, NY, which is within the Eastern District of New York.

## PARTIES

5.      At all times relevant and material to this action, Plaintiff Haseland Mathis was a resident of the State of New York, within the jurisdiction of this Court.

6.      At all times relevant and material to this action, Defendant The City of New York was a municipal incorporation incorporated under the laws of the State of New York.

7.      At all times relevant and material to this action, Defendants Police Officer Ryan Monahan, Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson were employed by Defendant City of New York and assigned to the 75th Precinct at 1000 Sutter Avenue, Brooklyn, NY 11208.

8.      At all times relevant and material to this action, the individual Defendants were acting as agents of Defendant City of New York under the principal-agent/*respondeat superior* theory.

3

9.     At all times relevant and material to this action, the individual Defendants were acting pursuant to Defendant City of New York's policy, practice, and custom.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

10.     Plaintiff filed a Notice of Claim against Defendant City of New York with the New York City Comptroller's Office for the common law claims asserted in this action. Plaintiff did so within 90 days of the accrual of those causes of action.

## FACTUAL ALLEGATIONS

11.     Plaintiff Haseland Mathis resided with her two minor children in the basement apartment of 612 Lincoln Avenue, Brooklyn, NY from around 2009 to June 2011. The building was owned, and is still owned by her mother, Nalina Antoine, who resided in the second-floor apartment with her boyfriend, Johnny Mc. Quarley. Plaintiff Haseland Mathis was a paying tenant. She paid $800.00 a month in rent. Prior to moving into the basement apartment, Plaintiff and her two minor children lived in the second-floor apartment with Nalina Antoine and Johnny Mc. Quarley.

12.     Plaintiff went away for the weekend of June 24, 2011 with her minor children. On June 26, 2011, Ms. Antoine called the father of Plaintiff's children and left him a voicemail message stating that she had evicted Plaintiff and her children from the basement apartment and placed all of their belongings outside the Plaintiff's apartment door. Ms. Antoine said that Plaintiff should return to the building and collect her things and that she (Ms. Antoine) was not responsible for them because the Police had told her to put them outside. The father of Plaintiff's children relayed the message to Plaintiff. Ms. Antoine extra-judicially evicted Plaintiff, as she did so without a Court order and without Court involvement. Plaintiff rushed

back to the building with her children and found all of their belongings in the yard. Plaintiff

called the Police.

13.     Plaintiff had had a longstanding contentious relationship with her mother Nalina

Antoine as well as her mother's boyfriend Johnny Mc. Quarley. Nalina Antoine and Johnny Mc.

Quarley had committed several crimes against Plaintiff and her minor children and had otherwise

abused Plaintiff and her children, including but not limited to the following times when Plaintiff

contacted the Police. On or about May 29, 2011, Plaintiff came home with her children to find

that the locks on the basement apartment door had been changed. Plaintiff's mother Nalina

Antoine admitted to Plaintiff that she had ordered the locks to be changed. Nalina Antoine

opened the basement apartment door for Plaintiff and her children but refused to give Plaintiff

the keys. Plaintiff called the Police. The Police arrived and ordered Nalina Antoine to give

Plaintiff the keys and indicated that if Nalina Antoine did not give Plaintiff the keys, she could

be arrested. Nalina Antoine did not give Plaintiff the keys and each day when Plaintiff came

home with her children, Plaintiff had to ask Ms. Antoine to let them into the apartment. If Ms.

Antoine was not at home, Plaintiff and her children would have to wait in nearby stores and fast

food places until Ms. Antoine came home to let them in. In addition, on or about June 24, 2011,

two days before the incident, Ms. Antoine grabbed Plaintiff's arm and swung a bunch of mail at

Plaintiff, hitting her with the mail. Ms. Antoine assaulted Plaintiff in the presence of Plaintiff's

minor daughter. Plaintiff went to the 75th Precinct with her children and her children's father on

that day to make a report about the incident.

14.     Shortly after Plaintiff called the Police on June 26, 2011, two Police Officers

arrived at the building. Plaintiff explained the situation to them. However, the Police Officers

had to leave after a few minutes because they had another call. Plaintiff waited on the corner

with her children for several hours for the Police to return and called 911 several more times during that time.

15.    Several Police Officers eventually arrived at the building, including upon information and belief, Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy. Errol Mathis claimed to the Police that Plaintiff and her children did not live there. Plaintiff told her brother Errol Mathis in front of the Police Officers that he was actually the one who didn't live there. Plaintiff's mother Nalina Antoine falsely claimed that Errol Mathis owned the building and that he lived there. Errol Mathis approached Plaintiff's 14-year-old daughter in an aggressive, threatening way in the presence of the Police and asked her where she lived. Errol Mathis was swinging his arms at Plaintiff's minor daughter and if Plaintiff's minor daughter had not stepped back, Errol Mathis would have hit her. The Police told Errol Mathis to back up from Plaintiff's minor daughter. Errol Mathis also told Plaintiff in front of the Police Officers that if the Police were not there, he would knock Plaintiff out.

16.    The Police Officers ordered Plaintiff's mother Nalina Antoine to open the basement and to allow Plaintiff and her children back into their apartment. They also ordered everyone – Plaintiff, her children, Errol Mathis, and Nalina Antoine – to put Plaintiff's belongings back into the apartment. The Police Officers oversaw, watched, and supervised the replacement of Plaintiff's belongings into the apartment.

17.    After all of the belongings were back in the apartment and the Police Officers had already been at the premises for about an hour, one of the Police Officers, who was upon information and belief Defendant Police Officer Ryan Monahan, called Plaintiff over and told her that he was going to have to arrest her. Plaintiff asked why and Defendant Police Officer Monahan told her that her mother Nalina Antoine had alleged that Plaintiff had hit her with a

6

hammer. Upon information and belief, neither Defendant Police Officer Monahan nor any other Police Officer did any type of investigation or further inquiry into Nalina Antoine's allegations before arresting Plaintiff and there were many circumstances that would have given a reasonable officer serious cause to doubt Nalina Antoine's veracity and trustworthiness. Ms. Antoine's alleged complaint in and of itself did not give Defendants probable cause to arrest Plaintiff.

18.     Although Defendants did not tell Plaintiff when Ms. Antoine made this complaint/allegations, Defendants are apparently now claiming that Ms. Antoine made this allegation/complaint against Plaintiff to them on June 23, 2011. Yet, the Defendants did not make any effort to arrest Plaintiff or to seek a warrant for her arrest until June 26, 2011 even though they knew where she lived, which seriously undermines their claim that they received the complaint on June 23, 2011. Furthermore, Plaintiff's arrest date is incorrectly stated on many of the police records as June 24, 2011, even though she was not arrested until June 26, 2011, which strongly suggests a falsification and doctoring of records. In addition, Defendants claim in the records that Ms. Antoine alleged that Plaintiff threatened her with a hammer but Plaintiff was told by Defendant Police Officer Ryan Monahan that Ms. Antoine had claimed that Plaintiff had hit her with a hammer.

19.     If, however, the Defendants had in fact received the complaint/allegation from Ms. Antoine on June 23, 2011, the fact that they did not make an effort to arrest Plaintiff or to seek a warrant for her arrest until three days later on June 26, 2011 even though they knew where she lived strongly suggests that they did not believe Ms. Antoine's allegation. It would therefore appear that they used Ms. Antoine's complaint as a pretext to arrest Plaintiff on June 26, 2011. The fact that they arrested her right after she had complained about being forcibly evicted from her apartment and had repeatedly asked the police to intervene would suggest that they were

7

retaliating against her for exercising her First Amendment right to freedom of speech. The circumstances on that day would have caused a reasonable officer to further doubt the veracity of the Nalina Antoine's claim/allegation as she had extra-judicially evicted Plaintiff (who was her own daughter) and Plaintiff's children (who were own grandchildren) from their home and had put all of their belongings in the yard. Furthermore, Plaintiff had made complaints about illegal activity by the mother to the same Precinct over the prior couple of months. In addition, Plaintiff had never been arrested in her life and had no criminal record or any history of violent activity.

20.     If Defendants did not receive the complaint/allegation from Nalina Antoine until that day – June 26, 2011 – the surrounding circumstances would have caused a reasonable officer to doubt the veracity of her claim and yet they did not do any type of investigation or further inquiry before arresting Plaintiff. The surrounding circumstances included the following. Firstly, the contentious relationship between Plaintiff and Nalina Antoine was on full display in front of the Police Officers on that day. Nalina Antoine had extra-judicially evicted Plaintiff (who was her own daughter) and Plaintiff's children (who were own grandchildren) from their home and had put all of their belongings in the yard. Secondly, it was Plaintiff who had called the Police that day, and not Nalina Antoine. Thirdly, the Police Officers were at the premises a full hour before Plaintiff was even told that her mother had made this allegation. If Plaintiff's mother had claimed to the Police that Plaintiff had assaulted her before the Police arrived, the fact that the mother did not call 911 with the allegation would have given a reasonable officer cause to doubt the veracity of the claim. If the mother claimed that Plaintiff had assaulted her while the Police were there, the fact that the Police did not see or hear it should have raised the officers' suspicions about the veracity of the mother's claims. In addition, as mentioned above, Plaintiff had made complaints about illegal activity by the mother to the same

8

Precinct over the prior couple of months and Plaintiff had never been arrested in her life and had

no criminal record or any history of violent activity.  Furthermore, Defendant Police Officer

Ryan Monahan told Plaintiff that her mother had claimed that Plaintiff had hit her with a hammer

and yet her mother had no injuries.  Under these circumstances, any complaint made by Nalina

Antoine on that day would also not have in and of itself given rise to probable cause to arrest

Plaintiff and charge her with crimes.  In addition, Plaintiff's brother Errol Mathis actually

threatened imminent physical harm to Plaintiff and assaulted Plaintiff's minor daughter in front

of Defendants and other Police Officers on that day and he was not arrested.  If Defendants were

purporting to act on a complaint/allegation that Nalina Antoine made to them that day, it would

also seem that they were using the complaint/allegation as a pretext to retaliate against Plaintiff

for complaining about being forcibly evicted and repeatedly calling the Police to intervene, as

there were numerous circumstances to cause a reasonable officer to doubt the veracity of Ms.

Antoine's claim.

     21.    Defendant Police Officer Monahan, with the approval, consent, and/or

participation of Defendant Sergeant Brian Sarosy arrested Plaintiff at around 11 pm on Sunday,

June 26, 2011.  She was taken to the 75th Precinct.  Upon information and belief, Defendants

Police Officer Monahan and Sergeant Sarosy maliciously charged Plaintiff with Menacing in the

Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Attempted Assault in

the Third Degree, Menacing in the Third Degree, and Harassment in the Second Degree.

Plaintiff was not taken to Central Booking until the morning of Tuesday, June 28, 2011, thereby

spending around 36 hours at the 75th Precinct where she was not given sufficient food and drink

and not allowed to make a phone call.  The male arrestees were taken to Central Booking much

sooner and the reason that the Precinct gave for not taking Plaintiff and the other females to

Central Booking until Tuesday morning was that there were not enough female arrestees to do the transfer to Central Booking. The processing of Plaintiff and Plaintiff's appearance before a judge were thereby delayed for an unreasonable period of time. Defendants Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson were serving as Desk Officers in the Precinct during the time that Plaintiff was imprisoned there and made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking during that time period. By delaying Plaintiff's processing and appearance before a judge because she was female, these Defendants denied Plaintiff equal protection of the law and also unreasonably prolonged Plaintiff's imprisonment. Plaintiff did not appear in Court until the evening of Tuesday, June 28, 2011. She was released on her own recognizance, after having been imprisoned for around 48 hours. The criminal case was terminated in Plaintiff's favor on October 3, 2011.

22.    Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy, upon information and belief, acted pursuant to the following policies, practices, and procedures of Defendant City of New York:

i.    Promulgation of a policy to arrest first and ask questions later and to set, and have Police Officers meet, arrest quotas.

ii.    Failure to train Police Officers in the meaning of probable cause and in the importance of having probable cause to believe an individual has committed a crime before arresting that individual, imprisoning that individual, and charging that individual with crimes.

iii.   Failure to discipline overreaching Police Officers who violate individuals' constitutional and common law rights.

iv.   Failure to train Police Officers to conduct a reasonable inquiry/investigation into a complaining witness' allegations/claims prior to effectuating an arrest when the complaining witness' veracity or credibility is doubtful.

23.   Defendants Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson were acting pursuant to the following policies, practices, and procedures of the City of New York:

i.    Failure to train Police Officers in the importance of processing arrestees and bringing them before a judge as expeditiously as possible.

ii.   Promulgation of a policy to delay transferring female arrestees from the Precinct to Central Booking until there are a certain number of female arrestees to transfer.

iii.  Promulgation of a policy that gives priority to the processing of male arrestees over female arrestees.

iv.   Promulgation of policies and procedures that unreasonably delay the transfer of arrestees from the Precinct to Central Booking.

v.    Failure to discipline Police Officers who unreasonably delay the transferring of arrestees from the Precinct to Central Booking.

24.   As a result of Defendants' actions, Plaintiff lost her freedom and liberty for about 48 hours and suffered severe emotional, mental, and physical distress.

## **AS FOR A FIRST CAUSE OF ACTION**

11

25.     Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each is set forth herein.

26.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting under color of State Law, arrested and imprisoned Plaintiff, without probable cause to believe that she had committed any crimes.  Defendants thereby violated Plaintiff's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A SECOND CAUSE OF ACTION

27.     Plaintiff repeats and re-alleges paragraphs 1 through 26 as if each is set forth herein.

28.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting under color of State Law, conspired with each other to arrest and imprison Plaintiff, without probable cause to believe that she had committed any crimes. Defendants thereby conspired to violate Plaintiff's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law.  Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A THIRD CAUSE OF ACTION

29.     Plaintiff repeats and re-alleges paragraphs 1 through 28 as if each is set forth herein.

12

30.     In violation of common law, Defendant Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting as agents of Defendant City of New York, falsely arrested and imprisoned Plaintiff without probable or reasonable cause to believe that she had committed any crimes. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR A FOURTH CAUSE OF ACTION

31.     Plaintiff repeats and re-alleges paragraphs 1 through 30 as if each is set forth herein.

32.     In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy, while acting as agents of Defendant City of New York, conspired with each other to falsely arrest and imprison Plaintiff without probable or reasonable cause to believe that she had committed any crimes. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR A FIFTH CAUSE OF ACTION

33.     Plaintiff repeats and re-alleges paragraphs 1 through 32 as if each is set forth herein.

34.     In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy, while acting under color of State Law, charged Plaintiff with crimes and maliciously prosecuted Plaintiff on those charges without probable cause to believe that she had committed any crimes.  Defendants thereby violated Plaintiff's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law.  The criminal case against Plaintiff was terminated in her

favor. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR A SIXTH CAUSE OF ACTION

35.     Plaintiff repeats and re-alleges paragraphs 1 through 34 as if each is set forth herein.

36.     In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Police Officer Sergeant Brian Sarosy, while acting under color of State Law, conspired with each other to charge Plaintiff with crimes and maliciously prosecute Plaintiff on those charges without probable cause to believe that she had committed any crimes. Defendants thereby conspired to violate Plaintiff's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law. The criminal case against Plaintiff was terminated in her favor. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR A SEVENTH CAUSE OF ACTION

37.     Plaintiff repeats and re-alleges paragraphs 1 through 36 as if each is set forth herein.

38.     In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy, while acting as agents of Defendant City of New York, charged Plaintiff with crimes and maliciously prosecuted Plaintiff on those charges, without probable cause to believe that she had committed any crimes. The criminal case against Plaintiff was terminated in her favor. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR AN EIGHTH CAUSE OF ACTION

14

39.    Plaintiff repeats and re-alleges paragraphs 1 through 38 as if each is set forth herein.

40.    In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy, while acting as agents of Defendant City of New York, conspired with each other to charge Plaintiff with crimes and to maliciously prosecute Plaintiff on those charges, without probable cause to believe that she had committed any crimes. The criminal case against Plaintiff was terminated in her favor. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A NINTH CAUSE OF ACTION

41.    Plaintiff repeats and re-alleges paragraphs 1 through 40 as if each is set forth herein.

42.    In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy denied Plaintiff her right under the Fourteenth Amendment to equal protection of the law by arresting and imprisoning her, while failing to arrest and imprison Errol Mathis who threatened imminent physical harm to Plaintiff and assaulted Plaintiff's minor daughter in front of Defendants and other Police Officers. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TENTH CAUSE OF ACTION

43.    Plaintiff repeats and re-alleges paragraphs 1 through 42 as if each is set forth herein.

44.    In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy conspired with each other to deny Plaintiff her right under the Fourteenth Amendment to equal protection of the law by conspiring to arrest and imprison her,

while refraining from arresting and imprisoning Errol Mathis who threatened imminent physical harm to Plaintiff and assaulted Plaintiff's minor daughter in front of Defendants and other Police Officers. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR AN ELEVENTH CAUSE OF ACTION

45.    Plaintiff repeats and re-alleges paragraphs 1 through 44 as if each is set forth herein.

46.    In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy denied Plaintiff her right under the Fourteenth Amendment to equal protection of the law by charging her with crimes and prosecuting her on those charges while failing to charge Errol Mathis who threatened imminent physical harm to Plaintiff and assaulted Plaintiff's minor daughter in front of Defendants and other Police Officers with crimes and prosecute him on those charges. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR A TWELFTH CAUSE OF ACTION

47.    Plaintiff repeats and re-alleges paragraphs 1 through 46 as if each is set forth herein.

48.    In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy conspired with each other to deny Plaintiff her right under the Fourteenth Amendment to equal protection of the law by conspiring to charge her with crimes and prosecute her on those charges while failing to charge Errol Mathis who threatened imminent physical harm to Plaintiff and assaulted Plaintiff's minor daughter in front of Defendants and other Police Officers with crimes and prosecute him on those charges.

Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A THIRTEENTH CAUSE OF ACTION

49.     Plaintiff repeats and re-alleges paragraphs 1 through 48 as if each is set forth herein.

50.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting under color of State Law, arrested and imprisoned Plaintiff to retaliate against her for complaining to the Police that she had been forcibly evicted and for repeatedly calling 911 and asking them to intervene. Defendants thereby violated Plaintiff's rights under the First Amendment to the U.S. Constitution, while acting under color of State Law. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A FOURTEENTH CAUSE OF ACTION

51.     Plaintiff repeats and re-alleges paragraphs 1 through 50 as if each is set forth herein.

52.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting under color of State Law, conspired to arrest and imprison Plaintiff in order to retaliate against her for complaining to the Police that she had been forcibly evicted and for repeatedly calling 911 and asking them to intervene. Defendants thereby conspired to violate Plaintiff's rights under the First Amendment to the U.S. Constitution, while acting under color of State Law. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A FIFTEENTH CAUSE OF ACTION

53.     Plaintiff repeats and re-alleges paragraphs 1 through 52 as if each is set forth herein.

54.     In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy, while acting under color of State Law, charged Plaintiff with crimes and maliciously prosecuted Plaintiff on those charges to retaliate against her for complaining to the Police that she had been forcibly evicted and for repeatedly calling 911 and asking them to intervene.  Defendants thereby violated Plaintiff's rights under the First Amendment to the U.S. Constitution, while acting under color of State Law.  The criminal case against Plaintiff was terminated in her favor.  Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A SIXTEENTH CAUSE OF ACTION

55.     Plaintiff repeats and re-alleges paragraphs 1 through 54 as if each is set forth herein.

56.     In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy, while acting under color of State Law, conspired with each other to charge Plaintiff with crimes and maliciously prosecute Plaintiff on those charges to retaliate against her for complaining to the Police that she had been forcibly evicted and for repeatedly calling 911 and asking them to intervene.  Defendants thereby conspired with each other to violate Plaintiff's rights under the First Amendment to the U.S. Constitution, while acting under color of State Law.  The criminal case against Plaintiff was terminated in her favor. Defendants' actions were wanton, malicious, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A SEVENTEENTH CAUSE OF ACTION

18

57.     Plaintiff repeats and re-alleges paragraphs 1 through 56 as if each is set forth herein.

58.     In violation of 42 U.S.C. Sec. 1983, Defendants Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson who were serving as Desk Officers in the 75th Precinct while Plaintiff was imprisoned there and who made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking denied Plaintiff her right under the Fourteenth Amendment to equal protection of the law by delaying the processing of her, delaying her transfer to Central Booking, and delaying her appearance before a judge on the basis of her female sex.  Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR AN EIGHTEENTH CAUSE OF ACTION

59.     Plaintiff repeats and re-alleges paragraphs 1 through 58 as if each is set forth herein.

60.     In violation of 42 U.S.C. Sec. 1983, Defendants Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson who were serving as Desk Officers in the 75th Precinct while Plaintiff was imprisoned there and who made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking conspired with one another to deny Plaintiff her right under the Fourteenth Amendment to equal protection of the law by conspiring with one another to delay the processing of her, delay her transfer to Central Booking, and delay her appearance before a judge on the basis of her female

sex. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A NINETEENTH CAUSE OF ACTION

61.    Plaintiff repeats and re-alleges paragraphs 1 through 60 as if each is set forth herein.

62.    In violation of 42 U.S.C. Sec. 1983, Defendants Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson who were serving as Desk Officers in the 75th Precinct while Plaintiff was imprisoned there and who made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking unreasonably prolonged Plaintiff's imprisonment and denied Plaintiff due process by unreasonably delaying the processing of her, delaying her transfer to Central Booking, and delaying her appearance before a Judge.  In doing so, Defendants violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, while acting under color of State Law.  Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TWENTIETH CAUSE OF ACTION

63.    Plaintiff repeats and re-alleges paragraphs 1 through 62 as if each is set forth herein.

64.    In violation of 42 U.S.C. Sec. 1983, Defendants Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson who were serving as Desk Officers in the 75th Precinct while Plaintiff was imprisoned there and who

made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking conspired with one other to unreasonably prolong Plaintiff's imprisonment and deny Plaintiff due process by conspiring to unreasonably delay the processing of her, delay her transfer to Central Booking, and delay her appearance before a Judge.  In doing so, Defendants conspired with one another to violate Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, while acting under color of State Law.  Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TWENTY-FIRST CAUSE OF ACTION

65.     Plaintiff repeats and re-alleges paragraphs 1 through 64 as if each is set forth herein.

66.     In violation of common law, Defendants  Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson who were serving as Desk Officers in the 75th Precinct while Plaintiff was imprisoned there and who made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking falsely imprisoned Plaintiff by unreasonably delaying the processing of her, delaying her transfer to Central Booking, and delaying her appearance before a Judge.  Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TWENTY-SECOND CAUSE OF ACTION

67.     Plaintiff repeats and re-alleges paragraphs 1 through 66 as if each is set forth herein.

68.     In violation of common law, Defendants  Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant

Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson who were serving as Desk Officers in the 75th Precinct while Plaintiff was imprisoned there and who made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking conspired with one another to falsely imprison Plaintiff by conspiring to unreasonably delay the processing of her, delay her transfer to Central Booking, and delay her appearance before a Judge.  Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TWENTY-THIRD CAUSE OF ACTION

69.    Plaintiff repeats and re-alleges paragraphs 1 through 68 as if each is set forth herein.

70.    In violation of common law, Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting as agents of the City of New York, intentionally inflicted emotional distress on Plaintiff by engaging in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her without probable or reasonable cause to believe that she had committed a crime.  Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TWENTY-FOURTH CAUSE OF ACTION

71.    Plaintiff repeats and re-alleges paragraphs 1 through 70 as if each is set forth herein.

72.    In violation of common law, Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting as agents of the City of New York, conspired with each other to inflict emotional distress on Plaintiff by conspiring with each other to engage in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her without probable

or reasonable cause to believe that she had committed a crime. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TWENTY-FIFTH CAUSE OF ACTION

73.    Plaintiff repeats and re-alleges paragraphs 1 through 72 as if each is set forth herein.

74.    In violation of common law, Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting as agents of the City of New York, intentionally inflicted emotional distress on Plaintiff by engaging in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her in retaliation for her exercise of freedom of speech. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TWENTY-SIXTH CAUSE OF ACTION

75.    Plaintiff repeats and re-alleges paragraphs 1 through 74 as if each is set forth herein.

76.    In violation of common law, Defendants Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting as agents of the City of New York, conspired with each other to inflict emotional distress on Plaintiff by conspiring with each other to engage in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her in retaliation for her exercise of freedom of speech. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A TWENTY-SEVENTH CAUSE OF ACTION

77.    Plaintiff repeats and re-alleges paragraphs 1 through 76 as if each is set forth herein.

78.    In violation of common law, Defendant Police Officer Ryan Monahan and Sergeant Brian Sarosy, while acting as agents of the City of New York, intentionally inflicted emotional distress on Plaintiff by engaging in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her while refraining from arresting, imprisoning, and prosecuting her brother Errol Mathis who threatened imminent physical harm against her and assaulted her minor daughter in front of Defendants and other Police Officers.

## AND AS FOR A TWENTY-EIGHTH CAUSE OF ACTION

79.    Plaintiff repeats and re-alleges paragraphs 1 through 78 as if each is set forth herein.

80.    In violation of common law, Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy, while acting as agents of the City of New York, conspired with each other to inflict emotional distress on Plaintiff by conspiring to engage in the extreme and outrageous conduct of arresting, imprisoning, and prosecuting her while refraining from arresting, imprisoning, and prosecuting her brother Errol Mathis who threatened physical harm against her and assaulted her minor daughter in front of Defendants and other Police Officers.

## AND AS FOR A TWENTY-NINTH CAUSE OF ACTION

81.    Plaintiff repeats and re-alleges paragraphs 1 through 80 as if each is set forth herein.

82.    In violation of common law, Defendants who were serving as Desk Officers in the 75th Precinct while Plaintiff was imprisoned there and who made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking intentionally inflicted emotional distress on Plaintiff by engaging in the extreme and outrageous conduct of delaying the

processing of Plaintiff, delaying her transfer to Central Booking, delaying her appearance before a Judge, and thereby unreasonably prolonging her imprisonment.

## AND AS FOR A THIRTIETH CAUSE OF ACTION

83.     Plaintiff repeats and re-alleges paragraphs 1 through 82 as if each is set forth herein.

84.     In violation of common law, Defendants Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson who were serving as Desk Officers in the 75th Precinct while Plaintiff was imprisoned there and who made decisions regarding the transfer of arrestees from the 75th Precinct to Central Booking intentionally inflicted emotional distress on Plaintiff by engaging in the extreme and outrageous conduct of delaying the processing of Plaintiff, delaying her transfer to Central Booking, delaying her appearance before a Judge, and thereby unreasonably prolonging her imprisonment.

## AND AS FOR A THIRTY-FIRST CAUSE OF ACTION

85.     Plaintiff repeats and re-alleges paragraphs 1 through 84 as if each is set forth herein.

86.     The individual Defendants' violations of Plaintiff's constitutional/federal rights in the First, Second, Fifth, Sixth, Ninth, Tenth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Causes of Action were perpetrated pursuant to the following policies, practices, and procedures of Defendant City of New York.

    i.     Promulgation of a policy to arrest first and ask questions later and to set, and have Police Officers meet, arrest quotas.

    ii.    Failure to train Police Officers in the meaning of probable cause and in the importance of having probable cause to believe an individual has committed a crime before arresting that individual, imprisoning that individual, and charging that individual with crimes.

    iii.    Failure to discipline overreaching Police Officers who violate individuals constitutional and common law rights.

    iv.    Failure to train Police Officers to conduct a reasonable inquiry/investigation into a complaining witness' allegations/claims prior to arresting when the complaining witness' veracity or credibility is doubtful.

87.    Therefore, Defendant City of New York is jointly and severally liable with Defendant Police Officer Ryan Monahan and Defendant Sergeant Brian Sarosy for each of the First, Second, Fifth, Sixth, Ninth, Tenth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Causes of Action.

## AND AS FOR A THIRTY-SECOND CAUSE OF ACTION

88.    Plaintiff repeats and re-alleges paragraphs 1 through 87 as if each is set forth herein.

89.    The violations by Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson of Plaintiff's constitutional/federal rights in each of the Seventeenth, Eighteenth, Nineteenth, and Twentieth Causes of Action were perpetrated pursuant to the following policies, practices, and procedures of Defendant City of New York.

26

i.    Failure to train Police Officers in the importance of processing arrestees and bringing them before a judge as expeditiously as possible.

ii.   Promulgation of a policy to delay transferring female arrestees from the Precinct to Central Booking until there are a certain number of female arrestees to transfer.

iii.  Promulgation of a policy that gives priority to the processing of male arrestees over female arrestees.

iv.   Promulgation of policies and procedures that unreasonably delay the transfer of arrestees from the Precinct to Central Booking.

v.    Failure to discipline Police Officers who unreasonably delay the transferring of arrestees from the Precinct to Central Booking.

90.   Therefore, Defendant City of New York is jointly and severally liable with Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson for the Seventeenth, Eighteenth, Nineteenth, and Twentieth Causes of Action.

**AND AS FOR A THIRTY-THIRD CAUSE OF ACTION**

91.   Plaintiff repeats and re-alleges paragraphs 1 through 90 as if each is set forth herein.

92.   The individual Defendants in the Third, Fourth, Seventh, Eighth, Eleventh, Twelfth, Fifteenth, Sixteenth, and Twenty-First through Twenty-Ninth Causes of Action were acting as agents of Defendant City of New York pursuant to the principal-agent/*respondent superior* theory. Defendant City of New York is therefore jointly and severally liable with the individual Defendants for those causes of action.

**WHEREFORE,** Plaintiff requests judgment as follows:

27

Against Defendant City of New York, Defendant Police Officer Ryan Monahan, and Defendant Sergeant Brian Sarosy, jointly and severally, for each of the First, Second, Fifth, Sixth, Ninth, Tenth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Causes of Action.

    i.    General and compensatory damages for the loss of freedom and liberty and the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions, in an amount to be determined at trial and in accordance with evidence;

    ii.    Punitive damages, in an amount to be determined at trial and in accordance with evidence;

    iii.    Specific damages for the monies that she expended obtaining treatment for the emotional, mental, and physical distress that she has suffered in an amount to be determined at trial and in accordance with evidence;

    iv.    Reasonable attorneys' fees and the costs and disbursements of this action; and

    v.    Such other relief as Plaintiff may be shown entitled to.

Against Defendants City of New York, Sergeant Brian Sarosy, Lieutenant Paul McMahon, Sergeant Douglas Ayres, Sergeant Howard Clavin, Sergeant Kevin Darcey, Sergeant Sean Downs, Sergeant Patrick McGrath, and Sergeant Jovita Richardson , jointly and severally, for each of the Seventeenth, Eighteenth, Nineteenth, and Twentieth Causes of Action:

    i.    General and compensatory damages for the loss of freedom and liberty and the emotional, mental, and physical distress that Plaintiff suffered as a result of Defendants' actions in an amount to be determined at trial and in accordance with evidence;

28

    ii.     Punitive damages in an amount to be determined at trial and in accordance with evidence;

    iii.     Specific damages for the monies that she expended obtaining treatment for the emotional, mental, and physical distress that she has suffered in an amount to be determined at trial and in accordance with evidence;

    iv.     Reasonable attorney's fees and the costs and disbursements of this action; and

    v.     Such other relief as Plaintiff may be shown entitled to.

For each of the Third, Fourth, Seventh, Eighth, Eleventh, Twelfth, Fifteenth, Sixteenth, and Twenty-First through Twenty-Ninth Causes of Action against Defendant City of New York and the individual Defendants named therein, jointly and severally:

    i.     General and compensatory damages for the loss of freedom and liberty and the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions in an amount to be determined at trial and in accordance with evidence;

    ii.     Punitive damages in an amount to be determined at trial and in accordance with evidence;

    iii.     Specific damages for the monies that she expended obtaining treatment for the emotional, mental, and physical distress that she has suffered in an amount to be determined at trial and in accordance with evidence;

    iv.     The costs and disbursements of this action; and

    v.     Such other relief as Plaintiff may be shown entitled to.

Dated: Brooklyn, New York
       April 1, 2013

By:    /s/ /b/ Kathy A. Polias
       Kathy A. Polias
       Attorney-at-Law
       *Attorney for Plaintiff Haseland Mathis*
       155 Water Street
       Brooklyn, NY 11201
       Tel. No.:  (718) 514-2062

30